IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL LEE DAVIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:07-cv-167-B |
| | § | |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Michael Lee Davis has filed a motion for appointment of counsel [Dkt. No. 101] and a supplement to his motion for appointment of counsel [Dkt. No. 103], requesting the Court to appoint counsel under the Criminal Justice Act in this closed 28 U.S.C. § 2254 habeas proceeding. United States District Judge Jane J. Boyle referred the motion and future pleadings concerning the motion to the undersigned for hearing, if necessary, and recommendation or determination. *See* Dkt. No. 102.

For the reasons explained below, Petitioner's motions are denied.

## Background

Petitioner was indicted for money laundering and securing the execution of a document by deception and pled not guilty in Cause Nos. F99-99980 through F99-99985 in the 194th Judicial District Court of Dallas County, Texas. He was tried before a jury, found guilty, and sentenced to 60 years imprisonment on June 1, 2000. *See Davis v. Stephens,* No. 3:14-cv-1320-K, 2014 WL 2753654, at *1 (N.D. Tex. June 16,

2014). His convictions were affirmed on direct appeal, but the case was remanded to redetermine the restitution amount. *See id.* (citing *Davis v. State,* 68 S.W.3d 273 (Tex. App. – Dallas 2002, pet. ref'd) & *Davis v. State,* 2004 WL 784552 (Tex. App. – Dallas March 29, 2004, pet. ref'd)). Petitioner has filed two sets of state writs challenging his convictions. The first set was denied on the merits by the Texas Court of Criminal Appeals without written order based on the trial court's findings. *See Ex parte Davis,* WR-65,167-01 through WR-65,167-06 (Tex. Crim. App. Nov. 22, 2006). The second set was denied without written order. *See Ex parte Davis,* WR-65,167-07 through WR-65,167-11 (Tex. Crim. App. Oct. 24, 2012).

Petitioner has also filed two federal habeas petitions challenging these same convictions. The first petition was denied on its merits on May 19, 2010. *See Davis v. Quarterman,* No. 3:07-cv-167-B (N.D. Tex. May 19, 2010). Then, at approximately the same time that Petitioner filed this motion for appointment of counsel, Petitioner submitted another 28 U.S.C. § 2254 petition urging that his convictions were invalid. *See Davis v. Stephens*, No. 3:14-cv-1320-K, Dkt. No. 8. That habeas petition was determined to be successive, was transferred to the United States Court of Appeals for the Fifth Circuit, and Petitioner was admonished "that he may be subject to sanctions if he continues to raise claims that were or could have been raised in his previous federal petition in this Court without first seeking and receiving authorization from the Fifth Circuit to file a successive petition." *Davis*, 2014 WL 2753654, at *1. The petition was then dismissed by the Court of Appeals on Petitioner's motion. *See United States v. Davis*, No. 14-10704 (5th Cir. June 26, 2014).

-2-

**Legal Standards**

The Criminal Justice Act, 18 U.S.C. § 3006A, provides that an attorney shall be appointed for a financially eligible person who is in certain criminal proceedings, "from his initial appearance ... through appeal, including ancillary matters appropriate to the proceedings," or who "is entitled to appointment of counsel under the sixth amendment to the Constitution." 18 U.S.C. § 3006A(a)(1)(H), (c). Postconviction proceedings, including habeas petitions under 28 U.S.C. § 2254, are not "ancillary proceedings" for purposes of Section 3006A, and there is no constitutional right to counsel in postconviction proceedings. *See United States v. Garcia*, 689 F.3d 362, 364-65 (5th Cir. 2012). A court may appoint counsel "for any financially eligible person who ... is seeking relief under section 2241, 2254, or 2255 of title 28" when it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The Rules Governing Section 2254 cases also permit appointment of counsel if a habeas petition raises a substantial legal issue or an evidentiary hearing is required. *See* RULES GOVERNING SECTION 2254 CASES, Rule 8(c).

Federal Rule of Civil Procedure 60(b) provides that the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for any one of certain enumerated grounds, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud by an opposing party, void judgment, release and satisfaction, or "any other reason that justifies relief." FED. R. CIV. P. 60(b)(1)-(6). But the Court is not permitted to consider a Rule 60(b) motion that presents a successive habeas petition within the meaning of *Gonzalez v. Crosby*, 545

U.S. 524 (2005). *See United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013). That is, "[t]o open the Rule 60(b) door ... there must be a showing of a non-merits-based defect in the district court's earlier decision on the federal habeas petition." *Balentine v. Thaler,* 626 F.3d 842, 847 (5th Cir. 2010). Accordingly, if the Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then the motion does not need to be treated as a second-or-successive petition. *Gonzalez*, 545 U.S. at 532.

## Analysis

Petitioner here seeks appointment of counsel so that he may file a motion under Rule 60(b). *See* Dkt. Nos. 101 & 103. In that Rule 60(b) motion, Petitioner intends to urge that this 2007 habeas petition should have been granted because (1) he was improperly convicted of money laundering because the statute did not criminalize money laundering by check; (2) making a misrepresentation on an application for life insurance is a state jail felony and does not support his 60 year sentence; and (3) the state used perjured testimony at sentencing. *See* Dkt. No. 103. But these claims seek relief based on alleged errors that occurred at trial or sentencing and must therefore be construed as arising under 28 U.S.C. § 2254. *See Tolliver v. Dobre,* 211 F.3d 876, 877-78 (5th Cir. 2000); *Gonzalez,* 545 U.S. at 532. Moreover, Petitioner has already raised the same allegations in his most recent federal habeas petition. *See Davis v. Stephens*, No. 3:14-cv-1320-K, Dkt. No. 8. Accordingly, the interests of justice do not require the appointment of counsel to assert habeas claims that have already been determined to be successive and incorrectly brought before this Court.

**Conclusion**

Petitioner's Motion for Appointment of Counsel [Dkt. No. 101] and Supplement

to His Motion for Appointment of Counsel [Dkt. No. 103] are DENIED with prejudice.

SO ORDERED.

DATED: August 19, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE